WEINER, Plaintiffs-Appellants, v. BARON, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 5455. Decided October 31, 1956.

Barkan, Brown & Reeves, Morton Y. Reeves, Columbus, for plaintiffs-appellants.

John M. Bowsher, Columbus, for defendant-appellee.

(DEEDS and FESS, JJ, of the Sixth District; HUNSICKER, PJ, of the Ninth District, sitting by designation in the Second District.)

## OPINION

By DEEDS, J.

This appeal on questions of law is from a judgment for defendant against plaintiff-appellant by the Court of Common Pleas, Franklin County. The plaintiffs-appellants commenced the action in the Court of Common Pleas seeking a judgment in the sum of $800.00 against the defendant-appellee, a licensed real estate broker on account of a payment which had been made in that amount by plaintiffs to defendant in the purchase of certain real estate.

By agreement of counsel a jury was waived and the cause was tried to the court. Pursuant to a request by the plaintiffs the trial judge made a finding of facts separately from conclusions of law and judgment was thereafter entered in favor of the defendant. Motion for a new trial was overruled by the trial court.

The finding of facts and conclusions of law made by the trial court are as follows:

"MARSHALL, J.

"Plaintiffs have requested the Court to state in writing the conclusions of fact found separately from the conclusions of law in this action.

"The Court finds the following facts from the evidence in this case:

"1. On July 21, 1951, plaintiff, J. J. Weiner, signed a form of offer to purchase, prepared by defendant, offering to purchase property at 104 S. Stanwood Road, Bexley, Ohio, for $16,000, without designating a time for acceptance; $100 earnest money accompanies the offer. This form was never signed by the owners of said property. (See Plf. Ex. 1.)

"2. On August 9, 1954, plaintiff, Mildred Weiner, the wife of plaintiff J. J. Weiner, signed a form of offer to purchase prepared by defendant, offering to purchase said same property at 104 S. Stanwood Road, Bexley, Ohio, for $15,200.00 cash, net to sellers, with this further condition: 'I also agree to relieve the owners of the above property from paying a fee to the selling broker and will take care of same as my personal obligation, in accordance with rates now charged by the Columbus Real Estate

Board.' This document recited that: 'This proposal is irrevocably in effect to and including August 20, 1951.' Although this document recites that $800.00 earnest money was deposited with defendant at the time of execution by said Mildred Weiner, the evidence showed that $700.00 was so deposited at that time, being an amount in addition to the $100.00 deposited on July 21, 1951 by said J. J. Weiner. This form was never signed by the owners of said property. (See Plf. Ex. 2.)

"3. On Monday, August 20, 1955, 8 A. M., the plaintiff, J. J. Weiner, his attorney, Irwin W. Barkam, and defendant went to the Court House to see the Probate Judge of Franklin County, Honorable C. P. McClelland, for the purpose of arranging, if possible, for the purchase of the premises in question, but were notified by Mr. Eberle, his deputy, that the Judge had gone out of the city for a number of days and wouldn't be available until his return to Columbus, whereupon the defendant left the city for the balance of the week on a business trip.

"4. On Wednesday, August 22, 1955, the plaintiff, J. J. Weiner and his attorney, Irwin W. Barkan, met at the office of the acting Probate Judge, Judge Dana F. Reynolds, with Mr. Ben Levinson, attorney for one of the estates through which title to the premises in question came, namely, Kissie A. Towns, deceased, and one or more other individuals. At such conference it was disclosed that the person who offered the highest amount for said property would be entitled to purchase the same. One individual named Eenowitz offered $16000 after which plantiff, J. J. Weiner offered $16,200 and was declared to be the one who could have said property.

"5. Defendant's Exhibit 'A' is an assignment by Jack J. Weiner, a plaintiff herein, dated and witnessed on October 3, 1951, before Irwin W. Barkan, by which said Jack J. Weiner assigned all his interest in the property in question to William Fisher. The title to said premises was thereafter conveyed directly from the estates of the former owners to said William Fisher.

"6. When plaintiffs signed Plaintiffs' Exhibits 1 and 2, they were informed that the former two owners of the property in question, Mr. and Mrs. Kissie A. Towns, had died, leaving a great number of heirs, that their estates were being administered by the Probate Court of Franklin County, and that the offers to purchase made by plaintiffs would have to be submitted to the Probate Court for approval.

"7. Prior to Wednesday, August 22, 1955, plaintiff, J. J. Weiner, was informed that he must put up a check for $1000.00 with the Court and he did so, which amount was applied on the purchase price of the property in question.

"8. No demand for the return of the $800.00 was made on defendant on August 21, 1951, or prior to the time the Acting Probate Judge, Judge Reynolds, informed plaintiff, J. J. Weiner, that he could buy the property in question for $16,200.00 which occurred August 22, 1951. On defendant's return to Columbus, on or about August 28, 1951, he learned for the first time that said J. J. Weiner had bought the property in question through the court the week before.

"The Court makes the following conclusions of law, based upon the findings hereinbefore set forth:

"1. The two proposals to purchase (Plfs.' Exts. 1 and 2) must be considered together. While by the terms of the offer dated August 9, 1951, it was irrevocably in effect to and including August 20, 1951, it was not automatically revoked by its terms after August 20, 1951.

"2. By the terms of the offer made August 9, 1951, plaintiff, Mildred Weiner, agreed to personally pay the customary 5% fee to the selling broker, defendant herein, and to relieve the owners from paying any such fee, provided the proposal, or any modification thereof which the purchaser may approve, was accepted and all conditions fulfilled. The plaintiffs failed to revoke their offers of purchase but instead kept negotiating and increased their offers to purchase to the sum of $16,-200.00 and consummated the purchase on such basis. Therefore, the original offers, as modified by the purchasers, were accepted and all conditions fulfilled. This converted the $800.00 deposited into an earned commission by defendant, and made unnecessary the return thereof to purchasers.

"3. Under the circumstances of this case the plaintiffs had an affirmative obligation to defendant, the broker, to cancel the offer of purchase and demand the return of their deposits. This they failed to do but instead continued to negotiate and consummated the purchase at a figure greater than was set forth in their original offers. Defendant was entitled to a broker's fee and the Court, therefore, finds in favor of defendant in this case.

(Signed)   George B. Marshall<br>JUDGE"

"MARSHALL, J.

"Heretofore, on October 24, 1955, this Court stated in writing eight findings of fact, and also stated in writing three conclusions of law, at request of plaintiffs.

"The Court hereby makes several corrections to three of said former findings of fact, and adds further findings of fact Nos. 9 through 13, as the basis for the three conclusions of law stated on said October 24, 1955, as follows:

"**Correction to the former conclusion of fact No. 3.** Change the year from '1955' to '1951,' and in the first and second lines thereof delete the words 'plaintiff, J. J. Weiner, his' and substitute therefor 'plaintiffs.'

"**Correction to the former conclusion of fact No. 4.** In the first line of said fourth conclusion of fact, change the year '1955' to '1951,' and after which insert the words: 'without the prior knowledge of defendant,' so that said first line will read as follows: '4. On Wednesday, August 22, 1951, without the prior knowledge of defendant, the plaintiff, J. J. Weiner.'

"**Correction to the former conclusion of fact No. 6.** In line 2, after 'informed' add the words 'by the defendant.' In line 3 strike out 'Kissie A.' and substitute in lieu thereof 'Harry E.'

"**Correction to the former conclusion of fact No. 7.** Change the year from '1955' to '1951.'

"The following additional or supplemental findings of fact are hereby made to further support the three conclusions of law stated in said October 24, 1955, findings of the court:

"9. That Harry E. Towns and Kizzie A. Towns were husband and wife and had been the owners in common of the real estate located at 104 South Stanwood Avenue, Bexley, Ohio; Kizzie A. Towns died intestate on April 27, 1950, leaving no children or lineal descendants nor any parents but leaving her husband, Harry E. Towns, surviving; Harry E. Towns died on January 24, 1951, the owner of said real estate. (Taken from Exhibits Pltff. No. 5 and Def. No. C, being the applcation for attorneys' fees and decision thereon.)

"10. That prior to July 21, 1951, the defendant, a licensed real estate broker, advertised the property located at 104 South Stanwood Avenue, Bexley, Ohio, for sale in a Columbus newspaper, the defendant having been given the key to the house at said address and having been permitted to advertise this property for sale by Frank H. Ward, attorney for the administratrix of the estate of Harry E. Towns, deceased.

"11. That the plaintiffs learned through the efforts of defendant that the said property was for sale and defendant took the plaintiffs through said property showing them said premises.

"12. That the form of purchase offer signed on August 9, 1954 by Mildred Weiner contained the following provision: 'I hereby deposit with you $800 earnest money to be held by you in trust until this proposal, or any modification thereof which I may approve, is accepted, and all conditions fulfilled. If not accepted the deposit shall be returned.'

"13. That the defendant was the procuring cause of the sale of the real estate at 104 South Stanwood Avenue, Bexley, Ohio.

"The motion of plaintiffs for judgment in their favor on findings of fact rendered by this Court on October 24, 1955, filed on November 1, 1955, will be considered as having been filed subsequent to the amendments and supplemental findings of fact contained in this order and the Court finds said motion not well taken and therefore overrules the same.

"Upon oral motion of defendant the Court hereby renders judgment herein in favor of defendant on the Findings of Fact, as originally stated on October 24, 1955, and as amended herein, and also on the additional or supplemental findings of fact as contained in this order, and in conformity to the three conclusions of law as stated in the original findings filed herein on October 24, 1955.

"An entry may be submitted to the court in conformity to this order, with exceptions to plaintiffs as to all adverse rulings. If a motion for a new trial is made by plaintiffs, it may be considered overruled.

(Signed)   George B. Marshall,<br>JUDGE."

A bill of exceptions containing the testimony of the witnesses at the trial and exhibits was duly filed and is before this Court for review and a consideration of the evidence in relation to the finding of facts and conclusions of law as made in the trial court and as set out above.

Plaintiffs have presented their assignments of error as follows:

1. The Court of Common Pleas erred in overruling the motion of the plaintiffs-appellants for judgment and special findings of fact rendered on October 24, 1955.

2. The Court of Common Pleas erred in filing an amended statement of fact after both parties had moved for judgment on the original findings of fact.

3. The Court of Common Pleas added additional findings of fact to support the conclusions of law instead of drawing conclusions of law based upon the facts as found in special findings of fact.

4. The Court of Common Pleas found issues of fact not supported by any testimony of the witnesses or exhibits.

5. The Court of Common Pleas erred in entering a judgment for the defendant against the plaintiff, said judgment being against the weight of evidence and special findings of fact.

6. Other substantial prejudicial errors of the Court of Common Pleas manifest in the judgment, record and proceedings in said cause."

We find the assignments of error not well taken and same are overruled.

We find and determine further that the finding of facts as made by the trial court is supported by the evidence contained in the record and that applicable and correct conclusions of law were announced by the trial court in conformity with the evidence as found by that court.

The judgment of the Court of Common Pleas is affirmed.

FESS, J, HUNSICKER, PJ, concur.